## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| **MICHAEL DEANDRE WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 5:19-00151** |
| **v.** | ) | |
| | ) | |
| **WV DIVISION OF CORRECTIONS** | ) | |
| **AND REHABILIATION,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 1), filed on March 5, 2019. Having examined Plaintiff's Complaint, the undersigned has concluded that Plaintiff fails to state a claim for which relief can be granted in this matter and therefore respectfully recommends that Plaintiff's Application to Proceed Without Prepayment of Fees be denied and this matter be dismissed.

### FACTUAL BACKGROUND

On March 5, 2019, Plaintiff, acting *pro se*, filed his Complaint asserting a violation of the Health Insurance Portability and Accountability Act ["HIPPA"].[1] (Document No. 2.) In his Complaint, Plaintiff names the following as Defendants: (1) WV Division of Corrections[2] and

---

[1]  Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2]  The undersigned finds that the WVDOC and the Southern Regional Jail are improper defendants. It is well recognized that a Section 1983 claim must be directed at a "person." *See Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000)(unpublished)(finding that the Piedmont Regional Jail is not a "person" under Section 1983). In *Will v. Michigan Dept. of State Police*, the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983". *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 109 S.Ct. 2304, 2309, 105 L.Ed.2d 45 (1989). The holding in *Will* applies not only to suits

Rehabilitation; (2) N.P. Zack; (3) PrimeCare Medical;[3] and (4) Southern Regional Jail. (Id.)

Specifically, Plaintiff states as follows:

> On or about 5 – 7th day of Feb. 2019, my HIPPA rights were violated when Nurse Practitioner Zack came to my cell to explain to me that he was attempting to talk with the Medical Administrator Britney Foster to release me from a 23 hour lock down situation. However, NP Zack was aware of medical side effects concerning my [medical condition], without thinking, NP Zack turns and looks down the hall about 30 feet and yells out loud to another nurse, "Can we change Michael Williams [medical condition] medication time?" This was yelled out in front of other inmates as well as staff on duty.

---

against the State, but also to suits against "public entities and political subdivisions" that are an "arm or alter ego" of the State. Maryland Stadium Auth. v. Ellerbe Becket Inc., 407 F.3d 255, 260 (4th Cir. 2005)(citation omitted). It is well recognized that WVDOC is an arm of the State and is not a "person" within the meaning of Section 1983. See Rauch v. West Virginia Divison of Corrections, 2014 WL 3732123 (S.D.W.Va. July 25, 2014)(J. Copenhaver)(WVDOC is not a "person" for purpose of Section 1983); Berry v. Rubenstein, 2008 WL 1899907, * 2 (S.D.W.Va. April 25, 2008)(J. Faber)("WVDOC is an arm of the state and is therefore immune from suit under the Eleventh Amendment"); also see Lewis v. Western Regional Jail, 2012 WL 3670393, * 5 (S.D.W.Va. July 24, 2012)(finding that the Western Regional Jail was not a "person" subject to suit under Section 1983); Webb v. Parsons, 2011 WL 2076419 (S.D.W.Va. May 6, 2011)(finding that the West Virginia Regional Jail Authority, an agency of the State of West Virginia, is immune from suit under the Eleventh Amendment); Roach v. Burch, 825 F.Supp. 116, 117 (N.D.W.Va. 1993)(stating that the West Virginia Regional Jail Authority is not a "person" under Section 1983). Furthermore, pursuant to the Eleventh Amendment, the power of the federal judiciary does not extend to suits by a citizen against his or her own state. Hans v. Louisiana, 134 U.S. 1, 9, 10 S.Ct. 504, 33 L.Ed. 842 (1980); also see Will, supra, 491 U.S. at 66, 109 S.Ct. at 2309 (Suits against a state or state agencies for monetary damages are barred by the Eleventh Amendment to the United States Constitution); Kinder v. PrimeCare Med., Inc., 2015 WL 1276748, * 2 (S.D.W.Va. March 19, 2015)(dismissing the Western Regional Jail based on Eleventh Amendment grounds).

[3] Since PrimeCare is a contracted medical provider for a state agency, the deliberate indifference standard is applicable to the conduct of PrimeCare and its employees. Mullins v. Prime Care Medical, Inc., 2014 WL 1260378, * 9 (S.D.W.Va. March 27, 2014)(J. Johnston); also see Edwards v. State, 2002 WL 34364404, * 12 (S.D.W.Va. March 29, 2002)(J. Goodwin)("To state a case against PrimeCare, [plaintiff] must show that a policy or custom or ratification of a policy or custom and procedure by PrimeCare caused a constitutional violation."); Kinder v. PrimeCare Medical, Inc., 2015 WL 1276748, *9 (S.D.W.Va. March 19, 2015). "[A] private corporation is liable under § 1983 only when the official policy or custom of the corporation causes the alleged deprivation of federal rights." Austin v. Paramount Parks, Inc., 195 F.3d 715, 728 (4th Cir. 1999)(emphasis in original). A private corporation, however, cannot be held liable under the doctrine of respondeat superior for the individual actions of its employees. Id. at 727; see also Johnson v. Hamilton, 452 F.3d 967, 973 (8th Cir. 2006). To succeed, Plaintiff must show that the official charged acted personally in the deprivation of plaintiff's rights. In the instant case, liberally construing Plaintiff's Complaint, Plaintiff fails to assert any allegation concerning a policy or custom with regard to the conduct of PrimeCare.

(Id., pp. 4 – 5.) As relief, Plaintiff requests the following: (1) The court "have NP Zack suspended from work and the court make sure that PrimeCare Medical ensures their employees protect inmate medical information;" and (2) "Financial compensation for emotional distress."[4] (Id., p. 5.)

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction,

---

[4] Plaintiff is a frequent filer having initiated at least five actions in this Court: Case Nos: 2:19-cv-0067; 2:19-cv-0068; 5:19-cv-00150; 5:19-cv-00151; and 5:19-cv-00159.

however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## DISCUSSION

1.    **Failure to Exhaust:**

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies prior to filing civil actions though the administrative process may not afford them the relief they might obtain through civil proceedings.[5] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S.

---

[5] 42 U.S.C. § 1997e(a) provides as follows:
>      No action shall be brought with respect to prison conditions under section 1983 of this
>      title or any other federal law, by a prisoner confined in any jail, prison, or other
>      correction facility until such administrative remedies as are available are exhausted.

4

516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), aff'd, 54 Fed.Appx. 159 (4th Cir. 2003), cert. denied, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, ___ U.S. ___, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). But the plain language of the statute requires that only "available" administrative remedies be exhausted. Id. at 1855("A prisoner need not exhaust remedies if they are not 'available.'"); also see Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004); Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003)(inmate lacked available administrative remedies for exhaustion purposes where inmate was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001)(allegations that prison officials failed to respond to his written requests for grievance forms were sufficient to raise an inference that inmate had exhausted his available administrative remedies.)

If an inmate exhausts administrative remedies with respect to some, but not all, of the

claims he raises in a Section 1983, <u>Bivens</u> or FTCA action, the Court must dismiss the unexhausted claims and proceed with the exhausted ones. <u>See</u> <u>Jones v. Bock</u>, 549 U.S. 199, 127 S.Ct. 910, 913, 166 L.Ed.2d 798 (2007)("The PLRA does not require dismissal of the entire complaint when a prisoner has failed to exhaust some, but not all, of the claims included in the complaint. * * * If a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad.") It appears to be the majority view as well that exhausting administrative remedies after a Complaint is filed will not save a case from dismissal. <u>See</u> <u>Neal v. Goord</u>, 267 F.3d 116, 121-22 (2d Cir. 2001)(*overruled on other grounds*), a Section 1983 action, citing numerous cases. The rationale is pragmatic. As the Court stated in <u>Neal</u>, allowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court. Moreover, if during the pendency of a suit, the administrative process were to produce results benefitting plaintiff, the federal court would have wasted its resources adjudicating claims that could have been resolved within the prison grievance system at the outset. <u>Neal</u>, 267 F.3d at 123. In <u>Freeman v. Francis</u>, 196 F.3d 641, 645 (6th Cir. 1999), the Court stated: "The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." Thus, the PLRA requires that available administrative remedies must be exhausted before the filing of a suit in Federal Court. It is further clear that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. <u>See</u> <u>Jones v. Bock</u>, <u>supra</u>; <u>Anderson v. XYZ Correctional Health Services</u>, 407 F.3d 674, 677 (4th Cir. 2005), *abrogated on other grounds by* <u>Custis v. Davis</u>, 851 F.3d 358 (4th Cir. 2017). Failure to exhaust administrative remedies is an affirmative defense. Prison officials have the burden of proving that the inmate had

6

available remedies which he did not exhaust. Jones v. Bock, supra, 549 U.S. at 216, 127 S.Ct. at 921(Failure to exhaust is an affirmative defense that a defendant must generally plead and prove); also see Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)("Although exhaustion of administrative remedies is a precondition to a federal prisoner filing a Bivens suit, [citations omitted] failure to exhaust is an affirmative defense that the defendants have the burden of pleading and proving." (Citations omitted)) The Court is not precluded, however, from considering at the outset whether an inmate has exhausted administrative remedies. "A court may sua sponte dismiss a complaint when the alleged facts in the complaint, taken as true, prove that the inmate failed to exhaust his administrative remedies." Custis v. Davis, 851 F.3d. 358, 361 (4th Cir. 2017); also see Banks v. Marquez, 694 Fed. Appx. 159 (4th Cir. 2017)(finding no error in the district court's decision to sua sponte dismiss petitioner's petition where petitioner explicitly admitted in his petition that he failed to exhaust his administrative remedies).

The Southern Regional Jail, where Plaintiff was incarcerated at the time of the facts giving rise to this civil action, is a facility operated by the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA"), which has a grievance procedure that is outlined in a handbook of Inmate Rules and Procedures that is distributed to each inmate. The United States District Court for the Northern District of West Virginia has summarized the WVRJCFA's grievance process as follows:

> Under this procedure, inmates must first submit a grievance to the Administrator of the facility in which they are confined. Upon receipt of the grievance, the Administrator may reject the grievance if it appears on its face to have been filed in bad faith, or if other administrative procedures exist that have not been utilized. If the grievance is rejected, the Administrator must advise the inmate of the rejection. If the grievance is not rejected, the Administrator may assign a staff member to investigate the complaint. Such staff is then required to submit a written report within forty-eight (48) hours. Within two days of receipt of the written report, the Administrator must provide a written decision which identifies the action taken, the reasons for the action, and the procedures that must be followed to properly

7

appeal the decision. If the Administrator's response is unfavorable, the inmate may appeal to the Chief of Operation within five days of the receipt of the Administrator's decision. Upon receipt of an appeal, the Chief of Operations must immediately direct the Administrator to forward copies of all information relating to the inmate's grievance within two business days. The Chief of Operations may direct an investigation of the report be conducted and a written report be submitted within 15 days. Within 10 days of receiving all of the information related to the grievance, the Chief of Operations must provide a written decision which identifies the corrective action taken or the reasons for denying the grievance. If the Chief of Operations' response is unfavorable, the inmate may appeal to the Office of the Executive Director within five days of receipt of the Chief of Operations' response. To do so, the inmate must mail to the Executive Director, copies of the original complaint and all of the responses thereto. The Office of the Executive Director must respond to an inmate's appeal within 10 days of receiving all the information. Unless the inmate has been notified of an extension of time for a response, the inmate may move to the next stage of the grievance process if the inmate does not receive a response at the expiration of the time limit at any stage of the process. The grievance process must be concluded within 60 days, inclusive of any extensions.

Chase v. Trent, 2012 WL 5845361, at * 4 (N.D.W.Va. Oct. 16, 2012)(Kaull, M.J.), report and recommendation adopted, 2012 WL 5845219 (N.D.W.Va. Nov. 19, 2012)(Keeley, J.).

In his Complaint, Plaintiff acknowledges that he did not fully exhaust his available administrative remedies. (Document No. 2, p. 3.) Plaintiff states that he presented facts relating to his complaint in the state prisoner grievance procedure by submitting a grievance on the kiosk. (Id.) Plaintiff acknowledges that his grievance resulted in an investigation, but he has not yet received the results. (Id.) Thus, it is apparent from the face of the Complaint that Plaintiff failed to fully exhaust his administrative remedies prior to filing his Complaint. See Custis, 851 F.3d. at 361; Banks, 694 Fed. Appx. at 160. To the extent Plaintiff requests that this action be stayed pending exhaustion, Plaintiff's request should be denied. As stated above, PLRA requires that inmates exhaust available administrative remedies *prior* to filing civil actions. Accordingly, the Court may not stay the above action pending exhaustion. See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005)("a prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending."); Freeman, 196 F.3d

8

at 645("The plain language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court.. . .The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); Brown v. Zeigler, 2013 WL 4500473, * 10 (S.D.W.Va. Aug. 20, 2013)(J. Berger)("Because exhaustion is a prerequisite of filing suit, administrative remedies must be exhausted *before* filing a complaint in federal court, not after or contemporaneous therewith.")(emphasis in original). To the extent Plaintiff may be complaining that he has not received a timely response to his grievance, such does not excuse his failure to exhaust. As stated above, an inmate must first submit a grievance to the Administrator of the facility in which he is confined. Upon receipt of the grievance, the Administrator may assign a staff member to investigate the complaint and that staff member is required to submit a written report within 48 hours. Within two days of receipt of the written report, the Administrator must provide the inmate with a written decision. If the inmate does not receive a response at the expiration of the time limit at any stage of the process, the inmate may move to the next stage of the grievance process. To the extent Plaintiff is claiming that he has not received a timely response, it is clear from the face of Plaintiff's Complaint that he failed to consider any absence of a timely response as a denial and proceed to the next level. It is improper for Plaintiff to forego the administrative remedy process based upon the lack of a timely response to his initial grievance because the administrative process allows an inmate to proceed to the next level under such circumstances. Finally, there is no indication or allegation by Plaintiff that the administrative remedy process was unavailable. The undersigned, therefore, respectfully recommends that Plaintiff's Complaint be dismissed in view of his failure to exhaust his administrative remedies pursuant to the PLRA. Notwithstanding the foregoing, the undersigned will briefly consider

Plaintiff's HIPPA claim.

**2.    HIPPA Claim:**

To the extent Plaintiff attempts to state a claim under HIPPA, Plaintiff's Complaint should be dismissed. It is well recognized that HIPPA does not provide a private right of action. Carte v. United States, 2010 WL 3259420, * 8 (S.D.W.Va. Aug. 18, 2010)("The court concludes that HIPPA does not provide an express or implied right of action to individuals."); Fields v. Charleston Hosp., Inc., 2006 WL 2371277, * 5 (S.D.W.Va. Aug. 15, 2006)("[T]he court's review of HIPPA leads it to the inescapable conclusion that HIPAA does not provide a federal cause of action."); also see Miller v. Nichols, 586 F.3d 53 (1st Cir. 2009); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1080 (9th Cir. 2007); Werdehausen v. Benicorp Ins. Co., 487 F.3d 660, 668 (8th Cir. 2007); Acara v. Banks, 470 F.3d 569, 571-72 (5th Cir. 2006); Blackstock v. Pee Dee Mental Health, 2017 WL 4838814, * 2 (D.S.C. Aug. 31, 2017); Pratt v. Pitt County Dept. of Social Services, 2016 WL 7046752, * 1 (E.D.N.C. Dec. 2, 2016); Cook v. Unisys Federal Government Group, 2015 WL 5690928, * 9 (W.D.Va. Sept. 3, 2015). Accordingly, the undersigned respectfully recommends that Plaintiff's HIPPA claim be dismissed.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (Document No. 1), **DISMISS** Plaintiff's Complaint (Document No. 2), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene

C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: June 11, 2019.

Omar J. Aboulhosn
United States Magistrate Judge